PEOPLES v. STATE.

(Court of Criminal Appeals of Texas. Dec. 18, 1912.)

HAWKERS AND PEDDLERS (§ 3*)—TRAVELING PERSON—SALE OF MEDICINES.

The fact that defendant after the expiration of his license continued to sell medicines form his home, his store, and one other place, and that while traveling in a wagon and selling other articles he advertised his medicines, did not make him guilty of selling medicines as a traveling person without a license.

[Ed. Note.—For other cases, see Hawkers and Peddlers, Cent. Dig. §§ 3–6; Dec. Dig. § 3.*]

Appeal from Comanche County Court; J. M. Rieger, Judge.

E. M. Peoples was convicted of selling medicines as a traveling person without a license. Reversed and remanded.

C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. Appellant was prosecuted and convicted under an indictment charging him with unlawfully engaging in and pursuing the occupation of a traveling person engaged in and pursuing and following the occupation of selling patent and other medicines without first having obtained a license therefor. The evidence would show that appellant was an agent selling the Watkins remedies; that during the year 1909 he obtained a license to pursue the occupation of selling the remedies; that at the end of the year he still used the wagon advertising that he was agent for these remedies and selling same, but the testimony would show that he sold these remedies at his home, at a store in Gustine, and one other place, and there is no testimony that he sold these remedies while traveling after the expiration of his license. After the expiration of the license the testimony would show that in traveling he only sold peppers, spices, soaps, and flavorings, at the same time advertising the remedies, but would not sell the same from the wagon. Without some evidence that he sold these remedies while acting as a traveling salesman, the judgment cannot be sustained. It is evident that after the expiration of his license he continued to drive about the country in the Watkins wagon, but there is no evidence that he made a sale of any character of medicine, and under these circumstances the verdict of the jury was unauthorized, for the tax is not levied on one selling spices, etc. We do not deem it necessary to discuss the other questions raised.

The judgment is reversed, and the cause is remanded.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes